1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  CHINHAYI J. COLEMAN (CABN 194542)
   Assistant United States Attorney
5
      1301 Clay Street, Suite 340-S
6     Oakland, California 94612-5217
      Telephone:  (510) 637-3924
7     Facsimile:   (510) 637-3724
      E-Mail:      chinhayi.j.coleman@usdoj.gov
8
   Attorneys for the United States of America
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                   OAKLAND DIVISION

13  UNITED STATES OF AMERICA,     )   No.    04-40183 CW
                                  )   No.    08-00063 CW
14         Plaintiff,             )
                                  )   UNITED STATES' SENTENCING
15         v.                     )   MEMORANDUM
                                  )
16  SALVADOR BAEZ-BAEZ,           )
                                  )   Hearing Date: June 25, 2008
17         Defendant.             )   Time:          2:00 p.m.
    _____)

18

19

20

21

22

23

24

25

26

27

28
   UNITED STATES' SENTENCING MEMORANDUM

# I.     INTRODUCTION

## A.     Form 12 Petition and Indictment

On May 16, 2005, the defendant was convicted in the Northern District of California under Docket Number 04-40183 for violation of Title 8, United States Code, Section 1326.  See Plea Agreement, ¶ 2.  The defendant's sentence included a 21 month term of imprisonment followed by three years of supervised release.  Upon the defendant's release from custody on or about July 5, 2006, he began to serve his term of supervised release, which included conditions that he must not reenter the United States without lawful authorization and that he must not commit another federal, state, or local crime.  Id.  The defendant was deported from the United States to Mexico on July 5, 2006, and later violated the terms of his supervised release by illegally reentering the United States.  Id.  While still on supervised release, on or about November 29, 2007, the defendant pled guilty to a violation of California Health and Safety Code Section 11378, possession of a controlled substance for sale.  Id.  Consequently, on December 17, 2007, the United States Probation Office filed a Form 12 Petition in Case Number CR 04-40183.

On February 7, 2008, a federal grand jury indicted defendant Salvador Baez-Baez for violation of 8 U.S.C. § 1326, illegal reentry after deportation.

## B.     Defendant's Guilty Plea

On April 9, 2008, the defendant pled guilty to the single count indictment charging him with reentry into the United States following deportation in violation of 18 U.S.C. § 1326.  In connection with his change of plea, the defendant also admitted the supervised release violations alleged in the Form 12 Petition in Case Number CR 04-40183.  The defendant and the government entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

The plea agreement in the present case provides for a global resolution of the defendant's violation of 8 U.S.C. § 1326 and the defendant's probation violation charges in the Form 12

UNITED STATES' SENTENCING MEMORANDUM

1    Petition in Case Number CR 04-40183.  On April 9, 2008, the parties in this case filed an

2    executed plea agreement for the Court's consideration.  In the plea agreement, the parties agreed

3    to the Adjusted Offense level of 10 for the defendant's violation of 8 U.S.C. § 1326.  See Plea

4    Agreement at ¶ 7.  Additionally, the parties agreed that the probation violation is Grade A or B,

5    with an imprisonment range of 30-37 (if Grade A) or 18-24 months (if Grade B).  See Plea

6    Agreement at ¶ 7.

7         The parties agreed upon a global resolution of imprisonment of not less than 30 months

8    but not more than 41 months.  See Plea Agreement at ¶ 8.  As detailed below, the United States

9    requests that the Court sentence Mr. Baez-Baez to 41 months in prison.

10

11   **II.    GUIDELINES CALCULATIONS**

12        On June 11, 2008, the U.S. Probation Office submitted a Presentence Investigation

13   Report, which is in agreement with the parties' computation of the defendant's criminal history

14   and offense level for the defendant's violation of 8 U.S.C. § 1326.  The defendant's criminal

15   history Category VI, and his offense level for violation of 8 U.S.C. § 1326 is 10.  A Total

16   Offense Level of 10 and a Criminal History Category of VI results in a Sentencing Guidelines

17   Range of 24 to 30 months of imprisonment for the violation of 8 U.S.C. §1326.

18        Additionally, the parties agreed that the probation violation is Grade A or B, with an

19   imprisonment range of 30-37 (if Grade A) or 18-24 months (if Grade B).  See Plea Agreement at

20   ¶ 7.  The maximum prison sentence for the supervised release violation is 2 years.  See 18 U.S.C.

21   § 3583(e)(3)).

22        The sentence imposed for this global resolution should reflect punishment for both the

23   Section 1326 violation in Case Number CR 08-00063 and the probation violation Case Number

24   CR 04-40183.  The violation of the defendant's federal probation is a separate and distinct crime

25   from the violation of Section 1326 and the state drug conviction.  Pursuant to U.S.S.G. §

26   7B1.3(f), any term of imprisonment imposed upon the revocation of supervised release in docket

27   number CR 04-40183 should be consecutive to any sentence of imprisonment for the violation of

28

UNITED STATES' SENTENCING MEMORANDUM

1    18 U.S.C. § 1326.

2          Taking into account the Guideline range for the violation of 8 U.S.C. § 1326 and the

3    Guideline range for the probation violation charges in the Form 12 Petition in Case Number CR

4    04-40183, the United States recommends a sentence at of 41 months imprisonment for the global

5    resolution of these two matters.

6

7    **III.    STATUTORY SENTENCING FACTORS**

8          **A.    The Sentencing Guidelines Post-*Booker***

9          Under the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220

10   (2005), this Court must analyze and consider the guideline factors before imposing sentences in

11   federal criminal cases.  *Booker*, 543 U.S. at 259 (noting that the Sentencing Reform Act

12   "nonetheless requires judges to take account of the Guidelines together with other sentencing

13   goals"); *see also United States v. Cantrell*, 433 F.3d 1296, 1279 (9th Cir. 2006)(noting that the

14   "[c]ontinuing duty of district courts to consult the Guidelines is statutory").  This Court, having

15   calculated the guideline range, should then look to the factors set forth by Congress in 18 U.S.C.

16   § 3553(a) to determine a reasonable sentence for Defendant.

17

18         **B.    Consideration of the 3553 Factors**

19         Defendant's personal history and characteristics demonstrate the need for a 41 month

20   sentence of imprisonment.  The defendant has a total of 19 criminal history points, which is 6

21   points above the threshold for Criminal History Category VI.  See PSR, ¶ 38.  Mr. Baez-Baez has

22   a criminal history marked by violence and narcotics.  The defendant has numerous battery

23   convictions, including battery with serious bodily injury.  See PSR, ¶¶ 26, 28, 30.  He has

24   controlled substance offenses, including a conviction of possession of a controlled substance for

25   sale.  See PSR, ¶¶ 27, 35.  He has been convicted of burglary.  See PSR, ¶ 29.  He has resisted

26   public officers and provided public officers with false identification.  See PSR, ¶¶ 32, 33.  He

27   persists in illegal entry into the United States after deportation.  See PSR, ¶¶ 31, 34.

28

UNITED STATES' SENTENCING MEMORANDUM

1       The offense leading to the defendant's detection for the present case involved an arrest for

2 possession of a controlled substance for sale, at which time the defendant possessed a firearm

3 and ammunition.  The probation violation arises out of an October 25, 2007 search of the

4 defendant's residence, which revealed two safes containing a Llama nine millimeter semi-

5 automatic pistol, a Beretta .32 semi-automatic pistol, several boxes of ammunition, a scale,

6 $1,941 in cash, and several bags containing suspected methamphetamine.  See PSR, ¶ 7.  The

7 defendant told officers that all contraband found in the safes belonged to him.  Id.

8       Given the nature and circumstances of the present offenses, the need for the sentence to

9 reflect the serousness of the defendant's crimes, to promote respect for the law, provide just

10 punishment, to afford adequate deterrence, and the need to avoid sentencing disparities, a

11 sentence of 41 months is appropriate.

12       With respect to the violation of Section 1326, the United States agrees with the United

13 States Probation office's recommendation of a 30 month custodial commitment to the Bureau of

14 Prisons.  The government agrees with the United States Probation Office's opinion that a

15 sentence at the high end of the Guideline range for the 1326 violation is warranted, given the

16 3553(a) factors, in that it reflects the seriousness of the offense, and affords adequate deterrence

17 to future criminal conduct.  In addition to the 30 month sentence for violation of Section 1326, an

18 11 month consecutive sentence for the probation violation is appropriate, given the global nature

19 of the present resolution.  In summary, a sentence of 41 months (30 months for the Section 1326

20 violation plus 11 months for the probation violation) is appropriate.

21

22 **III.    THE UNITED STATES' SENTENCING RECOMMENDATION**

23       For the reasons described above, and in accordance with the agreement between the

24 parties, the United States respectfully requests that the Court sentence Defendant to a term of

25 forty one (41) months imprisonment; three (3) years of supervised release with a condition that

26 ///

27 ///

28

UNITED STATES' SENTENCING MEMORANDUM

he not illegally reenter the United States; no fine; and the $100 mandatory special assessment.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated:  June 19, 2008                                      /s/
CHINHAYI J. COLEMAN
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM